UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                                                          Case No: 8:23-cr-389-WFJ-AEP

LENARD WHITE, et. al.,
          Defendants.

_____/

**ORDER**

This matter comes before the Court on Defendant Lenard White's ("White" or "Defendant") Motion to Sever Counts Five for Impermissible Joinder. Dkt. 105. The Government filed a Response in Opposition. Dkt. 113. After careful consideration, the Court denies Defendant's Motion to Sever Count Five from the Indictment.[1]

**BACKGROUND**

As alleged by the Government, on February 6, 2023, I.S., her mother, La Shawn Pope, and other family members, including Lenard White, arrived at the Hernando County Sheriff's Office ("HCSO"). Dkt. 113 at 2. While at HCSO, I.S. reported to deputies that Lenard White had sexually battered her. *Id.* On the same day, White gave Robinson a large amount of money and drugs before leaving for

_____

[1] The Court previously denied Co-Defendant Sheldon Robinson's Motion to Sever Counts Five and Six in an Endorsed Order. Dkt. 129.

Georgia. *Id.* The following day, February 7, 2023, I.S. was shot and killed at her home in Brooksville. *Id.*

On October 25, 2024, a grand jury charged Lenard White, Sheldon Robinson, Keshawn Woods, and Janet Williams in a thirteen-count indictment. Dkt. 1. Twelve of the thirteen counts stem from an alleged murder-for-hire scheme that led to the death of 17-year-old I.S. Dkt. 105 at 1-2; Dkt. 113 at 2. Count Five, however, alleges that White and Robinson conspired to possess and distribute cocaine and marijuana in violation of 21 U.S.C. § 846 between July 2022 and February 2023. Dkt. 1 at 6.

The connection (or lack thereof) between Count Five and the other twelve counts is the focus of Defendant's motion to sever. White argues, "the indictment's allegations contain no connection between the charges arising from the death of I.S. and the single count alleging a conspiracy to distribute a controlled substance." Dkt. 105 at 2. The Government asserts Lenard White acted as Sheldon Robinson's boss in a joint drug trafficking conspiracy, and the money and drugs derived from this drug trafficking operation were used to pay the assassins (Sheldon Robinson and Keshawn Woods) who killed I.S. Dkt. 113 at 2.

## LEGAL STANDARD

### I.     Rule 8(b) Joinder

Rule 8(b) allows the joinder of two or more defendants if "they are alleged to have participated in the same act or transaction or in the same series of acts or

transactions constituting an offense or offenses." *United States v. Russell*, 703 F.2d 1243 (11th Cir. 1983); Fed. R. Crim. P. 8(b).[2] In contrast to a Rule 14 claim, which assumes the joinder of the defendants was proper but challenges a joint trial as prejudicial, a Rule 8(b) claim "questions the propriety of joining two or more defendants in a single indictment in the first instance." *United States v. Morales*, 868 F.2d 1562, 1567 (11th Cir. 1989). A district court must only examine the allegations on the face of the indictment to determine if the initial joinder of defendants and counts were proper under Rule 8(b). *Id.* at 1567–68; *United States v. Wilson*, 894 F.2d 1245, 1253 (11th Cir. 1990). The Eleventh Circuit has also instructed that Rule 8 is to be broadly construed in favor of joinder. *See United States v. Dominguez*, 226 F.3d 1235, 1238 (11th Cir. 2000) (citing *United States v. Weaver*, 905 F.2d 1466 (11th Cir. 1990)).

---

[2] Defendant's Reply correctly points out the Government applied the wrong legal standard in its response to the motion to sever. Dkt. 116 at 2. The Government's response incorrectly invokes the Rule 8(a) standard. Dkt. 113 at 4. Although Rule 8(a), which governs joinder of offenses, might appear to be applicable, "[i]t is well established that Rule 8(a) applies only in cases involving a single defendant charged with multiple offenses, whereas Rule 8(b) governs in cases involving multiple defendants." *United States v. Kopituk*, 690 F.2d 1289, 1312 (11th Cir. 1982). Indeed, this distinction is critical because Rule 8(b) is more restrictive than Rule 8(a), as Rule 8(a) permits joinder of claims of "the same or similar character," while Rule 8(b) does not. *See* Fed. R. Crim. P. 8.

Nevertheless, whether proceeding under Rule 8(a) or Rule 8(b), the analysis of this Motion is essentially the same because the offenses charged in the Indictment arise out of the "same series of acts or transactions" and are linked together as part of "a common scheme or plan." Fed. R. Crim. P. 8; *see Kopituk*, 690 F.2d at 1312 (noting that the analysis under Rule 8(a) and Rule 8(b) is "more or less the same" except for the broader language of "same or similar character" in Rule 8(a)); *United States v. Dominguez*, 226 F.3d 1235, 1239 & n.4 (11th Cir. 2000) (noting in a case involving a "common scheme or plan" that, "for the purposes of our discussion of Rule 8(a), the governing principles are the same" as Rule 8(b)).

Under the "same series of acts or transactions" requirement of Rule 8(b), the "government must demonstrate that the acts alleged are united by some substantial identity of facts and/or participants." *Morales*, 868 F.2d at 1569. In other words, "[t]he character of the acts must have been similar, [] and each of the actors must have known that he acted in furtherance of a common plan in which other participants were involved." *United States v. Andrews*, 765 F.2d 1491, 1496 (11th Cir. 1985). A court may also consider the Government's representations supporting joinder where the indictment does not explicitly state the connection between the charges. *Dominguez*, 226 F.3d at 1241–42.

## II.   Rule 14(a) Severance

Rule 14 of the Federal Rules of Criminal Procedure allows severance. It provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a).  Importantly, "some prejudice" is not sufficient to mandate severance because the defendant must show "compelling prejudice." *United States v. Walser*, 3 F.3d 380, 386 (11th Cir. 1993) (quoting *United States v. Harmas*, 974 F.2d 1262, 1269 (11th Cir. 1992)). The decision to grant a motion for severance lies within the sound discretion of the trial judge. *United States v. Simon*, 839 F.2d 1461, 1472 (11th Cir. 1988).

The Eleventh Circuit has "identified four discrete circumstances in which severance may be required: where defendants rely on mutually antagonistic defenses; where one defendant would exculpate another in a separate trial, but will not testify in a joint setting; where inculpatory evidence will be admitted against one defendant that is not admissible against another; and where a cumulative and prejudicial 'spill over' may prevent the jury from sifting through the evidence to make an individualized determination of guilt as to each defendant." *United States v. Mosquera*, 886 F.3d 1032, 1041–42 (11th Cir. 2018) (citing *United States v. Chavez*, 584 F.3d 1354, 1360–61 (11th Cir. 2009)).

## DISCUSSION

Defendant White argues that joining one count of conspiracy to distribute controlled substances with the rest of the indictment violates Rule 8(b) (joinder of multiple defendants) and implicates Rule 14 (severance). Because alleged violations of Rule 8(b) and Rule 14 must be evaluated under different standards, these claims will be individually examined.

### I.    No Misjoinder under Rule 8(a)

Looking at the face of the indictment, the Court has no trouble concluding that Count Five (only charging White and Robinson with conspiracy to distribute a controlled substance) was properly joined in the same indictment with the rest of the counts. Count Five is based on the "same series of acts or transactions" as Counts

5

One through Four. Fed. R. Crim. P. 8(b). Indeed, the acts alleged are united by "some substantial identity of facts and [] participants." *Morales*, 868 F.2d at 1569. Count Five is united in participants since White and Robinson are also charged in Counts One through Four, which all involve the murder-for-hire scheme. Dkt. 1 at 1-5. As for unity in a factual sense, the Government's assertions show that the "facts underlying [the counts] are so closely connected that there would be an overlap of proof if the offenses were tried separately." *Morales*, 868 F.2d at 1570. The overlap of proof for Counts One through Five is especially apparent, given Count Five provides vital background on White and Robinson's relationship with each other and demonstrates how the assassins were paid in the murder-for-hire scheme. *See* Dkt. 113 at 10-11.

More specifically, an examination of the indictment and the Government's representations reveal a single overarching conspiracy where the drugs and money used to pay off I.S.'s killers were derived from White and Robinson's joint drug operation charged in Count Five. Dkt. 113 at 6-9. A witness will testify that White employed Robinson to sell drugs on his behalf. *Id.* at 10. In the days leading up to the murder, Robinson was observed to have cocaine, crack, and "three or four stacks of money." *Id.* at 7. Robinson allegedly admitted to a witness that the money and drugs were from Lenard White. *Id.* This evidence goes directly to the heart of the Government case-in-chief since White purportedly paid Robinson to kill I.S. using

the proceeds from their drug operation. *Id.* Robinson would later use the money he

received to recruit Keshawn Woods to the overarching murder-for-hire scheme.[3] *Id.*

Further, there has been no showing of prosecutorial bad faith or an erroneous

interpretation of law in the motion to sever. Thus, the Court is compelled to find that

joinder under Rule 8(b) was proper. *See Andrews*, 765 F.2d at 1496 ("[A] reviewing

court must examine the face of the indictment. If the indictment's allegations, taken

as true, establish a single conspiracy, and there is no claim of prosecutorial bad faith

or an erroneous interpretation of law, the court must conclude that the initial joinder

was proper.").

## II.    No Prejudice Requiring Severance under Rule 14

Having concluded that joinder of Count Five is proper, the next question is

whether a joint trial is permissible under the principles of Fed. R. Crim. P. Rule 14.

Generally, defendants who are jointly indicted should be tried together. *Morales*,

868 F.2d at 1571. This is particularly true in conspiracy cases, where charges against

multiple defendants may be proven with substantially the same evidence. *United*

*States v. Dorsey*, 819 F.2d 1055, 1058 (11th Cir.1987).

---

[3] In his reply, White argues Count Five would only be properly joined if Defendants White and Robinson committed drug trafficking "in order to furnish payment for the alleged killing of I.S." Dkt. 116 at 5. Put another way, Defendant seems to be arguing that the drug trafficking needed to have been committed for the sole purpose of raising funds to pay I.S.'s killers. The Court disagrees. Joinder under Rule 8(b) is proper when the acts described in the indictment are tied by a "common thread" to each other or the participants. *United States v. Saget*, 991 F.2d 702, 707 (11th Cir.1993). Even though the drug conspiracy in Count Five had been ongoing long before the murder-for-hire scheme, the proceeds from the drug operation were the underlying source of payment for I.S.'s killers. Put simply, the ill-gotten gains from Defendant's drug conspiracy are the "common thread" that links Count Five to Counts One through Four.

In his motion, White points to only two discrete circumstances requiring Count Five to be tried separately. First, Defendant argues there will be prejudicial "spillover" preventing the jury from sifting through the evidence to make an individualized determination of guilt if all counts are tried together. Dkt. 105 at 8 (arguing any "proof that White is guilty of the counts related to the death of I.S. may cause the jury to convict him on the drug charge, and vice versa, even though such proof would normally be inadmissible in a separate trial"). Second, Defendant briefly argues "if White testifies on one set of counts, his testimony may adversely influence his defense and the jury's consideration regarding the other set. Therefore, in deciding to testify regarding one set of counts, Mr. White risks creating a situation in which he is practically compelled to testify and submit to cross-examination on the counts upon which he wished to remain silent." *Id.* at 8-9.

Here, the Court finds Defendant has failed to show the "compelling prejudice" necessary for severance. *Walser*, 3 F.3d at 386. "To show compelling prejudice, a defendant must establish that a joint trial would actually prejudice the defendant and that a severance is the only proper remedy for that prejudice—jury instructions or some other remedy short of severance will not work." *United States v. Lopez*, 649 F.3d 1222, 1234 (11th Cir. 2011) (citing *Zafiro v. United States*, 506 U.S. 534, 539–41 (1993)). White's speculation that a joint trial on all counts will "create a general ambiance of Mr. White's guilt" and lead to an "unacceptable risk that the jury will

simply infer there is too much proverbial smoke, conflate the evidence and the charges" does not provide any guidance on why a severance should be granted over a cautionary instruction. Dkt. 105 at 8. The Court does not hold such a dim view of the jury's ability to individually consider the evidence for each count and finds a cautionary instruction will be enough to mitigate any prejudicial "spillover." *See United States v. McNair*, 605 F.3d 1152, 1205 n. 73 (11th Cir. 2010) (noting that jury instructions, such as those in which the district court "charged the jury to consider each defendant 'separately and individually' and reminded them that 'each defendant is on trial only for the specific offenses or offense charged against such defendant in the indictment' . . . substantially mitigate the risk of spillover prejudice."); *United States v. Cross*, 928 F.2d 1030, 1039 (11th Cir. 1991) (finding no prejudicial effect from spillover evidence where "the trial court specifically charged the jury that, 'each offense and the evidence pertaining to it should be considered separately,' and that 'the case of each defendant should be considered separately and individually.'"); *United States v. Kennard*, 472 F.3d 851, 859 (11th Cir. 2006) (noting "a court's cautionary instructions ordinarily will mitigate the potential 'spillover effect' of evidence of a co-defendant's guilt").

Next, any prejudice stemming from White's desire to testify on some counts but not others does not require severance. As the Eleventh Circuit has clarified, "severance is not mandatory simply because a defendant indicates that he wishes to

9

testify on some counts but not on others." *U.S. v. Hersh*, 297 F.3d 1233, 1243 n.15 (11th Cir. 2002) (quoting *United States v. Forrest*, 623 F.2d 1107, 1115 (5th Cir. 1980)). To establish that the joinder of Count Five will keep him from testifying, White must have shown the "charges were distinct in time, place, and evidence, that there was 'important' evidence that he might have offered on one set of charges but could not, and that he had a 'strong need' not to testify on the other counts." *Id.* (citing *United States v. Gardiner*, 955 F.2d 1492, 1497 (11th Cir. 1992)). It is White's responsibility to provide the Court with sufficient information to make such findings, but he has failed to do so. *See United States v. Outler*, 659 F.2d 1306, 1313 (11th Cir. 1981).

On the other hand, the Government has represented that Count Five is similar in time, place, and evidence to the other counts. The drug trafficking case is temporally close in time to the murder of I.S. (mostly February 2023), occurred in Hernando County, involves the same two conspirators (White and Robinson), encompasses the same witnesses, and the drugs being sold were also used as payment in the murder-for-hire scheme. Dkt. 113 at 11. Thus, "[w]here joinder is proper and there has been found no substantial prejudicial effect, the Fifth Amendment is not violated because a defendant must elect to testify as to both charges or to none at all." *Alvarez v. Wainwright*, 607 F.2d 683, 684 n.2 (5th Cir. 1979).

Finally, in considering a motion for severance, the Court must balance the potential prejudice to a defendant against the public's interest in the efficient and economical administration of justice. *See United States v. Alvarez*, 755 F.2d 830, 857 (11th Cir. 1985). In this case, judicial administration and economy weigh in favor of a joint trial on all counts.

## CONCLUSION

Accordingly, for the reasons stated above and in the Government's response, it is hereby **ORDERED** and **ADJUDGED** that Defendant Lenard White's Motion to Sever Count Five for Impermissible Joinder, Dkt. 105, is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on October 28, 2024.

/s/ William F. Jung
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record

11