# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA**,

v.                                              Case No: 8:23-cr-389-WFJ-AEP

**SHELDON ROBINSON**, et. al.,

　　　　　Defendants.

_____/

## ORDER

This matter comes before the Court on Defendant Sheldon Robinson's Motion in Limine for Firearm and Toolmark Testimony. Dkt. 226. The Government filed a response in opposition. Dkt. 248. After careful consideration, the Court denies Defendant Robinson's motion in limine.

## LEGAL STANDARD

A qualified witness may offer an expert opinion if it is more likely than not that "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702; *see Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). "The party offering the expert testimony bears the burden of establishing, by a preponderance

of the evidence, the expert's qualification, reliability, and helpfulness." *Payne v. C.R. Bard, Inc.*, 606 F. App'x 940, 942 (11th Cir. 2015) (citing *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (en banc)). When determining the qualifications, reliability, and helpfulness/relevance of an expert's testimony, "the judge performs a 'gatekeeping' function." *Chapman v. Procter & Gamble Distrib., LLC*, 766 F.3d 1296, 1304 (11th Cir. 2014) (quoting *Daubert*, 509 U.S. at 589 n.7).

However, the district court's gatekeeper role is not supposed to "supplant the adversary system or the role of the jury." *McDowell v. Brown*, 392 F.3d 1283, 1299 (11th Cir. 2004) (citing *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1311 (11th Cir. 1999)). Instead, "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Id.* (citation modified).

## DISCUSSION

Defendant Robinson's motion in limine "seeks to prohibit the proposed expert from testifying [that] bullets and shell casings recovered from the scene or body of the victims were fired from the firearm recovered pursuant to a search warrant issued for Robinson's home." Dkt. 226 at 1. The Government contends that the expert testimony from Vanna Kelley, a Firearm and Toolmark Examiner for the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), complies with Fed. R. Evid.

2

702. Dkt. 248 at 3. For the reasons discussed below, the Court agrees with the Government and denies Defendant's motion in limine.

As discussed above, expert testimony is admissible if the following "three prongs" are met: qualification, reliability, and helpfulness/relevance. *United States v. Ware*, 69 F.4th 830, 846 (11th Cir. 2023). In this case, Defendant does not challenge the qualification or helpfulness prongs of Examiner Kelley's testimony. *See* Dkt. 226 at 10. Instead, Defendant only challenges the reliability of Examiner Kelley's firearms-toolmark analysis based on reports from the National Research Council ("NRC") and the President's Council of Advisors on Science and Technology ("PCAST"). *See id.* at 4–6 (citing PCAST Reports from 2008, 2009, and 2016, and an NRC Report from 2009). As such, the Court only focuses on the reliability prong.

Here, the Court has no problem finding Examiner Kelley's ballistics toolmark identification testimony is sufficiently reliable under *Daubert*. The Eleventh Circuit has already determined that such testimony is "sufficiently reliable to present to the jury and that cross-examination [is] the proper means to attack the expert testimony's reliability." *United States v. Pete*, No. 23-14112, 2024 WL 4040388, at *2 (11th Cir. Sept. 4, 2024) (citing *Ware*, 69 F.4th at 847–48). Indeed, while the PCAST and NRC reports are critical of certain aspects of firearm toolmark identification, none of them state or even suggest that ballistics toolmark identification is a pseudoscience unfit

for judicial proceedings. *See* Dkt. 226 at 4–6. Put simply, the methodology for firearm toolmark identification has already been "tested, subjected to peer review and publication, and ha[s] a known error rate. . . . the Association of Firearm Toolmark Examiners methodology continue[s] to be generally accepted in the firearm expert community, despite the criticisms raised in the report and studies on which [Defendant Robinson] relie[s]." *Pete*, 2024 WL 4040388, at *2. Any critiques that Defendant has concerning ballistics toolmark identification should be decided "within the crucible of cross-examination," not by this Court at the *Daubert* stage. *Moore v. Intuitive Surgical, Inc.*, 995 F.3d 839, 857 (11th Cir. 2021).

Additionally, Defendant has not presented any case from the Eleventh Circuit that has excluded ballistics toolmark identification evidence under *Daubert*. *See* Dkt. 226 at 19. Therefore, consistent with other federal courts that have addressed the reliability of ballistics experts under Rule 702, the Court finds that the Government has successfully met its burden in demonstrating the reliability of Examiner Kelley's testimony. *See Pete*, 2024 WL 4040388, at *2 ("[Firearm Toolmark Identification] evidence continues to be used in federal courts after the PCAST Report and NRC Report criticized the existing studies of its reliability, and [the defendant] did not provide a federal court decision that prohibited FTI evidence based on *Daubert*."); *United States v. Lang*, No. 2:19-CR-150-SPC-NPM, 2025 WL 1921085, at *1 (M.D. Fla. July 11, 2025) (citation modified) ("[C]ourts have generally allowed firearm

examiners to testify, without many restrictions, that a bullet found at the scene of a crime was fired from a particular gun. . . . this type of testimony has been accepted in state and federal courts throughout the country for the better part of a century."); *United States v. Alvin*, No. 22-20244-CR, 2024 WL 149288, at *4 (S.D. Fla. Jan. 5, 2024), *report and recommendation adopted*, 2024 WL 149752 (S.D. Fla. Jan. 12, 2024) ("As a threshold matter, we are unpersuaded that any of the evidence proffered by the Defendant—including the PCAST and NAS reports—sufficiently undermines the foundational validity of the ballistics analysis field to the extent of rendering the entire practice inadmissible for *Daubert* purposes."); *United States v. Abarca*, No. 22-CR-20505, 2024 WL 1240117, at *3 (S.D. Fla. Mar. 5, 2024), *report and recommendation adopted*, 2024 WL 1239476 (S.D. Fla. Mar. 21, 2024) (finding the same). The Court denies Defendant's request for a *Daubert* hearing.

Alternatively, Defendant asks the Court to limit or "tether" Examiner Kelley's testimony to the directives in the "United States Department of Justice Uniform Language for Testimony and Reports for the Forensic Firearms/Toolmarks Discipline Pattern Examination." Dkt. 226 at 20, 22. The Court declines to do so. Again, on cross-examination, Defendant is free to question Examiner Kelley on why her testimony cannot be presented as absolute scientific certainty and require her to explain the rates of error in the field of ballistics analysis. Defendant can also proffer his own qualified expert to rebut the Government's expert testimony. "But the Court

will not limit an otherwise reliable (even if not infallible) methodology." *See Lang*, 2025 WL 1921085, at *2 (declining to limit expert's testimony to the directives of the Department of Justice's Uniform Language for Testimony and Reports for the Forensic Firearms/Toolmarks Discipline Pattern Examination).

## CONCLUSION

Accordingly, for the reasons stated above, it is hereby **ORDERED** and **ADJUDGED** that Defendant Robinson's Motion in Limine, Dkt. 226, is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida, on October 9, 2025.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record